UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>v. HUMBERTO GONZALEZ, Jr.,<br><br>                                      Defendant. | Case No.:  18cr2823 AJB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br>**(ECF No. 58 and 63)** |

This matter comes before the Court on Defendant's Motion (ECF No. 58 and 63).

On December 13, 2019 defendant filed a pro se motion for a reduction of sentence based on family circumstances. (ECF. No. 58) The matter was referred to appointed counsel by the court, and on April 20, 2020, Defense Counsel filed a supplemental memorandum (ECF No. 63). A hearing date and briefing schedule was set, and the Government opposed the motion, and the Defendant replied to the opposition. The Court found no need for oral argument and vacated the hearing and took the motion under submission.

The motion is brought under 18 U.S.C. 3582. Defendant has met the statutory exhaustion requirement, and the issue is whether or not the Court finds "extraordinary and compelling reasons to warrant a reduction in sentence under the applicable policy

statements issued by the sentencing commission. 18 U.S.C. 3582 (c)(1)(A)(i). The policy statements invoke the 18 U.S.C. 3553(a) factors. The Defendant bears the burden to establish he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896,899 (8th Cir. 2016).

The facts in dispute are thoroughly laid out in the motion papers and exhibits and will not be restated fully here. The defendant seeks relief due to the circumstances surrounding the care of his 9 year old daughter, who is the physical custody of Defendants 71 year old mother. Defendant's mother is alleged to suffer from dementia/Alzheimer's and has been progressively incapable of providing child care. Defendant claims that no one else can care for the young girl.

Of note, is the fact that defendant sought a departure or variance on these same facts at the time of sentencing in this case. Defendant's conviction for Transportation of Aliens scored an adjusted offense level 13, and with a Criminal History Category VI, his sentence was projected at 33 to 41 months. (ECF Doc, 65, P. 2). On much the same evidence presented here, the court departed down to a 21-month sentence based on "Extraordinary family responsibilities." Defendant urged the Court at sentencing for a 12 month and 1-day sentence on the mother's health and daughter's custody.

The Court did not find the circumstances warranted a greater departure then, nor are they sufficient currently to qualify as extraordinary or compelling reasons for release now. On its merits, the Court would deny defendant's motions. However, a threshold issue exists.

It is important to note, that a consecutive sentence imposed by another Court for a violation of supervised release brought the overall term to 39 months. This Court sentenced Defendant to 21 months, a period already served.

Indeed, given this fact, this Court ordered counsel to supplement their briefing to address the jurisdiction and the mootness of the motions. (ECF No. 63)  Defendant seeks a reduction of his 39-month sentence in his motions. The sentence was imposed, in part, in this this case, Case No. 18cr2823 (21 month's) for Transportation of Aliens for Financial Gain, and another 18 months by Judge Burn's in case 10cr1009, for a violation

of supervised release following a lengthy sentence for drug smuggling. Judge Burn's ran the revocation sentence consecutive to the 21-month transportation sentence and in consideration of the imposition of that sentence. Defendant states his release date is January 20, 2021. (ECF No. 63.) As defendant has served over 26 months to date, the reduction motion appears moot as it relates to this action, and since this court lacks jurisdiction to address the sentence served on the grounds stated. This Court clearly has no jurisdiction to alter the sentence of Judge Burn's and it would be with Judge Burn's that defendant's relief might rest.

The Court finds the Governments authorities and analysis persuasive. See, *United States v. Llewlyn,* 879 F.3d 1291 (11th Cir. 2018); *United States v. Wilson,* 799 F. App'x 792 (11th Cir. 2020) (unpublished).

IT IS SO ORDERED.

Dated: August 18, 2020

Hon. Anthony J. Battaglia
United States District Judge